OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
It is true, as the dissenters at the Appellate Division noted, that Beth Israel undertook to indemnify the city for malpractice claims against hospital employees. However, that agreement could not undercut the primary obligation created between the city and the defendant employee by section 50-d of the General Municipal Law.
As was noted by Mr. Justice Silverman writing for the majority below, we are dealing here with "an institution whose deficits are to be met by the city, on physical premises that were formerly a city hospital and that are identified in the public mind as a city institution, still furnished and physically maintained by the city, under contracts in which in one version 'the City * * * retains’ Beth Israel to render services and in the later version recognizes the duty of 'the City to provide health and medical care services for its citizens’ all 'under the general supervision and control of the Commissioner,’ a city official” (56 AD2d 389, 392).
Having gained the benefits of the defendant’s services and retained sufficient control to make the clinic in appearance and in fact a "public institution maintained in whole or in part by the municipal corporation” (General Municipal Law, § 50-d subd 1), the city could not properly avoid by contract a responsibility established in the first instance by statute (cf. Rogers v Dorchester Assoc., 32 NY2d 553).
*812 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed, with costs, in a memorandum. Question certified answered in the affirmative.